UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT
v.
JOHN ARMSTRONG, ET AL

FILED
2003 NOV 17 P 3:31

PRISONER
3:03CV627 (PCD) (JGM)
NOVEMBER 11, 2003

## Plaintiff's Brief In Opposition To Defendants Motion To Dismiss

The pro se plaintiff brings this action under 28 U.S.C. §2201-§2202; 42 U.S.C. §1331- 42 U.S.C. §1981, §1983, §1985, §1986 and §1988 seeking damages, declaratory judgment and prospective relief based on forced participation in a mental health "Phase Program" against his will - conspiratorially planned disciplinary/appeal process - secret partial reviews/hearings that kept the plaintiff indefinitely confined in the "Phase Program" - non-existant classification for the overall removal from administrative segregation every six month according to Connecticut D.O.C. policy - prolonged indefinite confinement on Admin. Seg. status - classification conducted on the tier in front of other prisoners - conspiratorially planned grievance process without thorough investigations/deliberate denial to allow access to exhaust administrative remedies - conspiratorially planned disciplinary sanctions that stretched for years - forcing the plaintiff to take mentally unstable/infectious diseased prisoners who were deemed a threat to staff and other prisoners - forcing the plaintiff to be put at risk by leaving a handcuffed prisoner in a cell with a uncuffed prisoner - forcing the plaintiff to live up to 72 hours without hygiene items, proper bedding, clothes, mail and an adequate opportunity to utilize the restroom - denial of federally mandated outside exercise - denial of proper medical care and falsification of medical documents to coverup injuries inflicted by D.O.C. staff - non existant psychological/mental health evaluations to screen the deterioration of the plaintiff's mental state due to prolonged exposure to isolation, sensory deprivation and indefinite confinement under said conditions - physical/psychological abuse the plaintiff suffered at the hands of D.O.C. staff/defendants - denial of religious services



or any collective religious services due to indefinite confinement on admin. seg. status. The defendants now state the plaintiff's complaint should be dismissed because of the settlement agreement. The settlement agreement specifically states in the release, "..., that Carnell Hunnicutt, does on behalf of himself, his successor and assigns, for and in consideration of the sum of five thousand dollars ($5,000.00) paid by the state of Connecticut to Mr. Hunnicutt and the state of Connecticut Department of Corrections attempt to place Mr. Hunnicutt through the Interstate Compact in Minnesota or Tennessee..." (emphasis added) Plaintiff signed the contract to be transferred to Minnesota or Tennessee, not the state of Maryland which the defendants breached said contract. The failure of the plaintiff to fill in the day of said contract made it void. This conditional contract as stated in the Barron's Law Dictionary states Conditional Contract - a contract, the performace of which depends on operational fact (a fact or event that affects legal relations; it is a cause of some change in those legal relations) Corbin, Contracts §627 (one-vol. ed 1952). A contract, the performace of which depends on an event, not certain to occur, which must occur, unless it's non-occurrance is excused before performance under contract becomes due. (emphasis added) Due to being in Maryland (and not Minnesota or Tennessee) the defendants breached the contract for not fulfilling their obligations to place the plaintiff in Tennessee or Minnesota as agreed upon. The argument of Hunnicutt v. Armstrong, 3:98CV1856, Hunnicutt v. Warden 02-000 3518, Hunnicutt v. St. John, et al 3:01CV770 (AHN) and Hunnicutt v. UConn Health Center CV00-080375 as being barred due to res judicata is moot due to the deficient contract and the defendants' breaching said contract.

I. The defendants state the plaintiff's complaint fails to state a claim upon which relief can be granted.

(2)

The plaintiff bought this action pursuant 28 U.S.C. § 2201 and 2202 which declaratory relief can be granted and authorizing "further necessary or proper relief," Powell v. McCormack, 395 U.S. 486, 499, 89 S.Ct. 1944 (1969); Morris v. Travisono, 373 F.Supp. 177, 182 (D.R.I. 1974), modified, 495 F.2d 562 (1974), aff'd 509 F.2d 1358 (1st Cir. 1975). The plaintiff bought this action pursuant 28 U.S.C. § 1331 which relief can be granted due to this matter is a civil action under the Constitution/laws of the United States. Webster v. Doe, 486 U.S. 592, 599, 108 S.Ct. 2047 (1988). The plaintiff also cited 42 U.S.C. § 1981/§1983 which in general relief can be granted in both claims due to the plaintiff was denied equal benefit of all laws and proceedings while at Northern C.I., at the hands of the defendants. The plaintiff bought this action under 42 U.S.C. §§ 1985, 1986, under §1985(3) provides for damage actions against persons who "conspire... for purpose of depriving... any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws (42 U.S.C. 1985(3) and §1986 provides for damage liability for anyone "who having knowledge that [a §1985 conspiracy] is about to be committed," does nothing about it. (42 U.S.C. 1986). The plaintiff has brought many constitutional violations, physical abuse/mental abuse in this action which states a claim which relief can be granted. The plaintiff sought prospective relief in this action which can be granted as punitive damages under the PLRA. See Johnson v. Breeden, 280 F.3d 1308 (11th Cir. 2002).

II. THE ELEVENTH AMENDMENT DOES NOT BAR MONEY DAMAGES AGAINST THE DEFENDANTS' IN THEIR INDIVIDUAL CAPACITIES.

The plaintiff seeks monetary damages from the defendants in their individual capacities and declaratory judgment in their official capacities. Under §1983, only a person who "subjects, or causes to be subjected" the plaintiff to a deprivation of rights can be held liable due to their personal involvement/individual wrongdoing. Williams

(3)

v. SMITH, 781 F.2d 319, 323 (2d Cir. 1986); DUCKWORTH v. FRANZEN, 780 F.2d 645, 650 (7th Cir. 1985) cert denied, 479 U.S. 816 (1986). THE ELEVENTH AMENDMENT DOES NOT BAR/FORBID SUING STATE OFFICIALS IN THEIR INDIVIDUAL CAPACITIES, AND SOMETIMES IN THEIR OFFICIAL CAPACITIES. THE PLAINTIFF SUED THE DEFENDANTS IN BOTH OFFICIAL/INDIVIDUAL CAPACITIES, SEEKING MONETARY DAMAGES IN THEIR INDIVIDUAL CAPACITIES. HAFER v. MELO, 502 U.S. 21, ~~(illegible)~~), 112 S.Ct. 358, 364-65 (1991); SCHEUER v. RHODES 416 U.S. 232, 238, 94 S.Ct. 1683 (1974); FARID v. SMITH, 850 F.2d 917, 921 (2d Cir. 1988).

III. PLAINTIFF'S FACTUAL CLAIMS THAT INCLUDE PERSONAL ALLEGATIONS ARE SUBSTANTIATED IN HIS GRIEVANCES AND SAID CLAIMS SHOULD NOT BE DISMISSED DUE TO MEETING THE EXHAUSTION OF ADMINISTRATIVE REMEDIES OF THE CLAIMS INVOLVED

THE PLAINTIFF HAS FILED THIS ACTION DUE TO NUMEROUS CONSTITUTIONAL VIOLATIONS THAT VIOLATED HIS CIVIL RIGHTS, THAT SHOWS AN ONGOING PATTERN OF INTENTIONAL AND PURPOSEFUL DEPRIVATION THAT FAILED TO BE RESOLVED THROUGH THE SHAM GRIEVANCE PROCEDURE. THE PLAINTIFF NAMED THE DEFENDANTS REPEATEDLY WHO VIOLATED HIS CONSTITUTIONAL RIGHTS, WHO ASSAULTED HIM, WHO CONSPIRED TO DEPRIVE HIM OF HIS CONSTITUTIONAL RIGHTS ALL WHILE ACTING UNDER THE COLOR OF LAW. AMENDED COMPLAINT PARA. 18. THE PLAINTIFF'S CONSPIRACY CLAIMS ARE EVIDENT DUE TO THE FACT THE DEFENDANTS WERE AWARE OF THEIR ACTIONS COMMITTED AND DID NOTHING ABOUT IT. PRIVATE PERSONS WHO CONSPIRE WITH STATE OR LOCAL GOVERNMENT EMPLOYEES OR OFFICIALS ARE CONSIDERED TO ACT UNDER COLOR OF LAW. SKELTON v. PRI-COR, INC., 963 F.2d 100, 102 (6th Cir. 1991) cert denied, 112 S.Ct. 1682 (1992). IN THIS MATTER, THE DEFENDANTS' CLEARLY EXERCISED OFFICIAL POWER IN THEIR DEALING WITH THE PLAINTIFF, SO THE COLOR OF LAW ISN'T REALLY AN ISSUE. "LAW ENFORCEMENT OFFICERS USING THEIR OFFICIAL POWERS GENERALLY ACT UNDER COLOR OF LAW EVEN IF THEY ARE OFF DUTY OR ACTING OUT IN PERSONAL MOTIVATION. SEE RIVERA v. LAPORTE, 896 F.2d 691, 696 (2d Cir. 1990); TRAVER v. MESHRIY, 627 F.2d 934, 938 (9th Cir. 1980); LAYNE v. SAMPLEY, 627 F.2d 12, 13 (6th Cir. 1980). PEOPLE AND CORPORATIONS

(4)

who work in the prison or perform required services for prisoners act under color of state law even if they are private contractors and not employees. WEST v. ATKINS, 487 U.S. AT 54-57; PHELPS v. DUNN, 965 F.2d 93, 101-02 (6th Cir. 1992); WOODALL v. PARTILLA, 581 F. Supp. 1111, 1113 (E.D. Va. 1992). In this matter, the defendants were knowingly and willingly enacting and enforcing illegal policies, forcing prisoners deemed a threat to other prisoners and staff into cells together, conspiring to coverup injuries inflicted on the plaintiff by D.O.C. staff through falsifying medical documents, using conspiratorially planned disciplinary hearings/appeal process, denying the plaintiff federally mandated outside exercise, conspired to cover up the plaintiff's mental health issues, deliberate denial/hampering of the grievance process, enforced illegal policies to prolong the plaintiff's confinement, and numerous issue brought forth in this matter. The defendants' state the claims in this action should be dismissed for failure to state a claim upon which relief can be granted. Under §1983 the plaintiff can be awarded for constitutional violations. See KYLE v. PATTERSON, 196 F.3d 695, 697 (7th Cir. 2000); ESTATE OF MACIAS v. IHDE, 219 F.3d 1018, 1029 (9th Cir. 2000). In this action the plaintiff suffered physical abuse, mental abuse and constitutional violations which stated a claim which relief can be granted.

II. <u>Plaintiff is not barred res judicata from presenting claims that were ongoing due to Breach of Agreement on the defendants part</u>

The defendants claim the plaintiff is attempting to relitigate claims raised in other lawsuits that were disposed of. In this matter the plaintiff raised issues that were never litigated, such as, conspiratorially planned disciplinary/appeal process — secret/partial reviews for being processed through the phase program — non-existant classification for overall removal from admin. seg every six months — prolonged indefinite confinement on admin. seg — classification conducted on the tier — conspiratorially planned grievance process — forcing plaintiff to live up to 72 hours on incell restraints

(5)

STATUS WITHOUT HYGIENE ITEMS, PROPER BEDDING/CLOTHES, WITHOUT GIVEN THE OPPORTUNITY TO UTILIZE THE RESTROOM - NON-EXISTANT PSYCHOLOGICAL/MENTAL HEALTH EVALUATIONS - PSYCHOLOGICAL/PHYSICAL ABUSE INFLICTED BY THE DEFENDANTS. THE DEFENDANTS STATE THE GLOBAL SETTLEMENT AGREEMENT BARS ALL OTHER CLAIMS IN THIS ACTION. AGAIN, THE AGREEMENT SPECIFICALLY STATES," UPON THE EXECUTION BY THE PLAINTIFF OF THE SIGNED RELEASES OF LIABILITY, THE DISMISSAL OF THESE ACTIONS, THE STATE OF CONNECTICUT SHALL, AS SOON AS POSSIBLE, PAY TO THE PLAINTIFF THE SUM OF $5,000.00, IN THE MANNER PROVIDED IN PARAGRAPH 4 BELOW, AND PURSUE THROUGH THE INTERSTATE COMPACT, AN OUT-OF-STATE TRANSFER OF THE PLAINTIFF TO MINNESOTA OR TENNESSEE..." DUE TO THE PLAINTIFF BEING SENT TO THE STATE OF MARYLAND, SAID AGREEMENT IS VOIDED WITH NO STIPULATION IN SAID AGREEMENT NAMING MARYLAND AS A STATE INCLUDED IN THE AGREEMENT. IN THE HABEAS ACTIONS HUNNICUTT V. WARDEN CV-02-0003518S; HUNNICUTT V. UCONN, CV00-0803075 IT DOES NOT BAR THE PLAINTIFF FROM FILING SECTION §1983. SEE RHODES V. HANNIGAN, 12 F.3d 989 (10th Cir. 1993) THE COPYING OF CLAIMS DOES NOT BAR THEM. SEE HISER V. FRANKLIN 94 F.3d 1287 (9th Cir. 1996). THIS MATTER THE ISSUES OF LIBERTY INTEREST WERE CLAIMED WHICH DOES NOT BAR CLAIMS, SEE ROUCCHIO V. COUGHLIN, 923 F.Supp. 360 (ED NY 1996). IN CASE ROODING V. PETERS, 92 F.3d 578 (7th Cir. 1996) IT WAS DECIDED RES JUDICATA NO BAR TO DAMAGES IN ILLEGAL SENTENCE WHICH THE PLAINTIFF FACED. THROUGH THE LOSS OF GOODTIME CREDITS WHILE AT NORTHERN C.I., THE DISCIPLINARY HEARING CLAIMS ARE NOT BARRED AND COULD BE USED IN THIS ACTION. SEE MARQUEZ V. GUTIERREZ, 51 F.Supp. 1020 (E.D.Cal. 1999). COURTS MUST CAREFULLY DETERMINE EXACTLY WHAT WAS AT ISSUE IN AN EARLIER CASE TO DETERMINE IF A LATER CASE IS BARRED BY RES JUDICATA. THOMAS V. EVANS, 880 F.2d AT 1241. BECAUSE THE HABEAS MATTERS ARE NOT BARRED RES JUDICATA THEY SHOULD NOT BE DISMISSED. SEE BROWN V. EDWARDS, 721 F.2d 1442, 1448 (5th Cir. 1984); INGRAHAM V. CITY OF COLUMBUS, 185 F.3d 579, 586 (6th Cir. 1999); FIELDS V. SARASOTA MANATEE AIRPORT AUTH., 953 F.2d 1299, 1306 (11th Cir. 1992). THE

res judicata effect of a state court decision on a §1983 claim is a matter of state law. See <u>Heck</u> v. <u>Humphrey</u>, 512 U.S. 477, 480 n.2 (1994). The defendants argument concerning the state habeas are meritless and should not be dismissed.

V. <u>This action should not be dismissed due to the plaintiff did claim physical/ mental injuries suffered actual injuries while being denied medical care</u>

The plaintiff named the physical abuse suffered in his complaint. Amended complaint, para. 38 and named grievances in said complaint that specifies injury and lack of medical treatment. (141.00.262 - 141.00.018) The plaintiff also suffered emotional/mental injury at the hands of the defendants due to prolonged confinement at Northern C.I. The defendants were well aware the plaintiff was diagnosed as having a <u>thought disorder</u>, <u>schizoaffective disorder</u>, <u>anti-social personality disorder</u>, <u>impulsive control disorder</u> and as schizoid. The defendants knew it was prone to lead to the plaintiff's mental breakdown and exhibit signs and symptoms of psychiatric decompensation, even if the symptoms do not qualify for a diagnosis of psychosis. In this action, the grievances which are part of this complaints specifically spells out how the plaintiff was injured and who denied him medical treatment while he was four pointed on a steel bed. This information was more than sufficient. U.S.C.A. Const. Amend 8 clearly states "cruel and unusual punishments clause of the Eighth Amendment prohibits unnecessary and wanton infliction of pain on prisoners." The plaintiff being chained to a bed and becoming a punching bag for D.O.C. staff is clearly unnecessary and wanton infliction of pain. ~~[redacted]~~ "Failure to provide medical attention to an injured prisoner can be an Eighth Amendment violation, but only if officials intentionally delay or completely deny access to medical

CARE." U.S.C.A. CONST. AMEND. 8. THE GRIEVANCES NAMED WITH THIS ACTION CLEARLY SPELLS THIS OUT AS WELL, THE PLAINTIFF WAS INTENTIONALLY DENIED MEDICAL ATTENTION BY THE DEFENDANTS WHEN THE PLAINTIFF CLEARLY COMPLAINED OF BACK, NECK, HAND AND LEG INJURIES INFLICTED ON HIM BY D.O.C. STAFF BEFORE BEING FOUR POINTED (ALL CAPTURED ON VIDEO CAMERA.) HUDSON V. McMILLIAN, 503 U.S. 1, 112, S.Ct. 995, 117 L.Ed.2d 156 (1992) IN WHICH THE SUPREME COURT CONCLUDED THAT PROOF OF SIGNIFICANT INJURY WAS NOT AN INDEPENDENT REQUIREMENT FOR AN EIGHTH AMENDMENT CLAIM OF EXCESSIVE AND WANTON FORCE. Following HUDSON'S focus ON THE FORCE USED, AS OPPOSED TO INJURY INFLICTED, WE CONCLUDE THAT ALTHOUGH THE DEGREE OF INJURY IS RELEVANT FOR ANY EIGHTH AMENDMENT ANALYSIS, THERE IS NO FIXED MINIMUM QUANTUM OF INJURY THAT A PRISONER MUST PROVE THAT HE SUFFERED THROUGH OBJECTIVE OR INDEPENDENT EVIDENCE IN ORDER TO STATE A CLAIM. CITED FROM BROOKS V. KYLER, 204 F.3d 102 (3rd CIR. 2000) BECAUSE THE PLAINTIFF INCLUDED GRIEVANCES IN HIS AMENDED COMPLAINT WHICH SPECIFICALLY NAMES HIS INJURIES AND DENIAL OF MEDICAL TREATMENT, THESE CLAIMS SHOULD NOT BE DISMISSED.

VI. PLAINTIFF'S CLAIMS OF FORCED PARTICIPATION IN THE PHASE PROGRAM GROUP THERAPY SHOULD NOT BE DISMISSED BECAUSE IT VIOLATED HIS FOURTH AMENDMENT RIGHTS AND CONSTITUTED AS MENTAL HEALTH TREATMENT CONDUCTED BY NON-QUALIFIED, NON-CERTIFIED STAFF.

THE PLAINTIFF LANGUISHED FOR YEARS AT NORTHERN C.I. FOR REFUSING TO TAKE PART IN THE 'PHASE PROGRAM' RUN BY NON-QUALIFIED D.O.C. STAFF THAT WERE NOT BOARD CERTIFIED PSYCHOLOGISTS/PSYCHOLOGISTS TO DISCUSS PRIVATE FAMILY ISSUES/ PERSONAL ISSUES THAT REQUIRED PRISONERS TO EXPRESS THEMSELVES AND WORK OUT DIFFERENCES WITHOUT RESORTING TO VIOLENCE ARE TOKEN, AT BEST. THE PLAINTIFF HAD EVERY RIGHT TO REFUSE MENTAL HEALTH TREATMENT 'GROUP THERAPY' RAN BY NON-QUALIFIED STAFF. SEE CRUZAN BY CRUZAN V. DIRECTOR, MO. DEPT OF HEALTH,

497 U.S. 261, 277-78, 110 S.Ct. 2841 (1990) Mental Health Treatment to which the plaintiff had not consented to may constitute as assault. CRUZAN, 110 S.Ct. at 2846-47 citing W. Page Keeton et al., Prossner and Keeton on the Law of Torts § 9, at 39-42 (5th Ed. 1984) The right to refuse treatment extends to the prisoners. Several courts have stated this view directly. WHITE v. NAPOLEON, 897 F.2d 103, 113 (3d Cir. 1990); RUNNELS v. ROSENDALE, 499 F.2d 733, 735 (9th Cir. 1974); ZANT v. PREVATTE, 248 Ga. 823, 286 S.E. 2d 715 (Ga. 1982.) The common law right to refuse treatment is part of the doctrine of "Informed Consent". CRUZAN, 110 S.Ct. at 2846-47. One court has held that the Constitution protects prisoners' right of informed consent, i.e., "a right to such information as is reasonably necessary to make an informed decision to accept or reject proposed treatment, as well as a reasonable explaination of the viable alternative treatments that can be made available in a prison setting. WHITE v. NAPOLEON, 897 F.2d at 113. See also McALEESE v. OWENS, 770 F.Supp. 255, 263 (M.D. Pa. 1991) (deliberate indifference standard applied to failure to inform prisoner of adverse consequences of medication.) In this matter the defendants required the plaintiff to take part in mental health based 'Group Therapy' sessions with non-qualified DOC staff to indulge in private discussions. The Supreme Court has held that the Due Process Clause's protection of Liberty includes certain privacy related interests including the "individual interest in avoiding disclosure of personal matters" and "the interest in making certain kinds of important decisions". WHALEN v. ROE, 429 U.S. 589, 599, 97 S.Ct. 869 (1977) (footnotes omitted) The Northern 'Phase Program' Group Therapy sessions in general population are offered as "Cage Your Rage" and are voluntary classes, not mandatory. To force the plaintiff to participate in the 'Phase Program' or face indefinite confinement posed an atypical and significant hardship on the plaintiff. SEE IN RE

GARCIA, 106 Wn. App. 625, 24 P.3d 1091 (Div. 1 2001); WARNER v. ORANGE COUNTY DEPT OF PROBATION, 173 F.3d 120 (2nd Cir. 1999); GRIFFIN v. COUGHLIN, 88 N.Y. 2d 674 (1996); KERR v. FARREY, 95 F.3d 472 (7th Cir. 1996); BREADS v. MOEHRLE, 781 F.Supp. 953 (WDNY 1991). The defendants argument concerning mandatory sex offender rehabilitative program as the basis for the plaintiff to be forced to participate in the mental health based 'Phase Program' has no bearing, the plaintiff is not a sex offender and the Phase Program is illegal, which violates the Fourth and Fourteenth Amendments of the U.S. Constitution.

### III. PLAINTIFF HAD RIGHT TO SINGLE CELL DUE TO MENTAL HEALTH ISSUES / AND THE CELL WAS BUILT TO HOUSE ONE PRISONER

The defendants demonized the plaintiff as one of the 'worse of the worst' who was deemed a threat to staff and other prisoners, but forced him to be celled with other prisoners deemed as a threat to others as well. This practice of deliberate indifference to the plaintiff's health & safety constitutes failure to protect on the defendants behalf and violated the plaintiff's Eighth Amendment rights. By forcing two prisoners deemed 'a threat to staff and other prisoners' the defendants willingly and knowingly violated said constitutional rights of the plaintiff. Knowledge of this risk establishes 8th Amendment liability. See WOODS v. LECUREAUX, 110 F.3d 1215 (6th Cir. 1997) also double celling states Eighth Amendment claim. NAMI v. FAUVER, 82 F.3d 63 (3rd Cir. 1996); BAKER v. HOLDEN, 787 F.Supp. 1008 (DUT 1992). The plaintiff's mental health file clearly shows he has multiple disorders from anti-social personality disorder to schizoaffective disorder, impulse control disorder, thought disorder and schizoid. To put another prisoner in the cell with the plaintiff with said mental health problems put him at risk and violated the Eighth Amendment due to deliberate indifference for the concern for the safety of the plaintiff's health/life. The claims about double celling should not be dismissed. The cells at Northern

to house one prisoner, but the defendants crammed two prisoners in said cells. See AKAO v. SHIMODA, 832 F.2d 119, 120 (9th Cir. 1987) (per curiam) (8th Amendment claim stated when prisoners alleged that overcrowding led to increase in stress, tension, communicable diseases, and increased confrontations between prisoners); INMATES OF SUFFOLK COUNTY JAIL v. RUFO, 12 F.3d 286, 293-94 (1st Cir. 1993) (constitutional claim stated when prison facility constructed to meet standards for single occupancy converted to double celling); NAMI v. FAUVER, 82 F.3d 63, 67 (3d Cir. 1996) (8th Amendment violated by double celling when combined with other adverse conditions, such as small cell area, poor ventilation, exposure to tobacco smoke, and lack of opportunity to exercise)

## VIII. PLAINTIFF HAS MET PLRA REQUIREMENT CONCERNING ACTUAL INJURY AND IS NOT EXCLUDED FROM SEEKING COMPENSATORY DAMAGES

The plaintiff suffered physical injuries and mental/emotional injuries for years while incarcerated at Northern C.I. See Amended Complaint para. 1, 12, 13, 14, 15, 16, 20, 35, 36, 38, 43, 44, 45, 51, 52, 53 and 55. The named grievances in said complaint specifically names the physical injuries inflicted which are more than 'de minimus.' The PLRA requires more than de minimus physical injury. See OLIVER v. KELLER, 289 F.3d 623 (9th Cir. 2002). The plaintiff was physically injured numerous times by the D.O.C. staff/defendants which aggrevated the plaintiff's mental health problems. The plaintiff was denied medical attention/mental health treatment on such occasions. In KEMNER v. HEMPHILL, 199 F.Supp. 2d 1264 (N.D. Fla. 2002) compelled oral sex satified the PLRA "physical injury" requirement. The plaintiff has met the requirements to being beaten while four pointed, had staff pull his arm through the foodslot and numerous assaults spelled out in the grievances with the amended complaint. Prisoners have been successful on lesser injuries. See. ROMAINE v. RAWSON, 140 F.Supp. 2d 204 (WD NY 2001) ($1,500 awarded in NY slapping) RUBLE v. KING, 911 F.Supp. 1544 (NG-GA 1995) beating shackled prisoner states claim.

The Second Circuit Court of Appeals held that dismissal under 42 U.S.C. § 1997e(e) for failure to allege physical injury improper where a prisoner's complaint requests injunctive and/or declaratory relief and pleadings do not reveal the nature of damages sought. The court concluded "that section 1997e(e) applies to all federal civil actions including claims alleging constitutional violations. Because section 1997e(e) is a limitation on recovery of damages for mental and emotional injury in the absence of a showing of physical injury, it does not restrict a plaintiff's ability to recover compensatory damages for actual injury, nominal or punitive damages, or injunctive and declaratory relief." See Thompson v. Carter, 284 F.3d 411 (2nd Cir. 2002) The plaintiff's claims for compensatory damages for defendants' physical/mental and emotional injuries should not be dismissed.

IX. THE DEFENDANTS ARE NOT QUALIFIED IMMUNE FROM ANY CLAIMS OR MONEY DAMAGES

The plaintiff amended complaint names numerous constitutional violations against the defendants' in this matter, pertaining to the exercise claim the defendants are not immune from paying money damages, See Jones'El v. Berge, 164 F.Supp.2d 1096 (WD WI 2001); Maynor v. Morgan County, Alabama, 147 F.Supp.2d 1185 (ND AL 2001); Goff v. Harper, 235 F.3d 410 (8th Cir. 2000); Williams v. Goord, 111 F.Supp.2d 280 (SDNY 2000); Delaney v. Detella, 256 F.3d 679 (7th Cir. 2001); Ralk v. Lincoln County, 81 F.Supp.2d 1372 (SD GA 2000); Bass v. Perrin, 170 F.3d 1312 (11th Cir. 1999); Williams v. Griefinger, 97 F.3d 699 (2nd Cir. 1996); Watts v. Ramos, 948 F.Supp. 739 (ND IL 1996); Allen v. Sakai, 48 F.3d 1082 (9th Cir. 1994) and this claim of denial of exercise should not be dismissed due to the fact that outdoor exercise is federally mandated. The Administrative Directive for the Connecticut D.O.C. 9.4 - Restrictive Status Attachment A specifically states, "(Recreation) ... One (1) hour per day, Five (5) days a week in a controlled area, excludes holidays. Restraints (handcuffs) required unless in a secured individual recreation area....." There is no mention of leg irons/tethered chain that prevented the

12

plaintiff to engage in any form of exercise. Aerobics, calisthenics, jogging

plaintiff to engage in any form of exercise, aerobics, calisthenics, jogging or isometrics. The defendants' own policy (Admin. Dir 9.4) clearly states a Phase One prisoner is supposed to be unrestrained in an controlled/secured area to exercise, but chose not to follow said policy in favor of their own unwritten policy to deprive the plaintiff exercise outdoors for a period of years. Therefore, being willingly and knowingly ~~in violation of the 8th~~ amendment rights of the plaintiff, the defendants' are not immune and this complaint should not be dismissed.

Carnell Hunnicutt #309615
MHCX P.O. Box 534
Jessup, MD 20794

## Certification

I hereby certify a copy of the foregoing was mailed on November 11, 2003, To: A.A.G. Ann Lynch 110 Sherman St. Hartford, CT 06105

C—UH