UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

| | | |
|---|---|---|
| CARNELL HUNNICUTT | : | PRISONER 2003 NOV 25 P 3: 08 |
| *Plaintiff,* | : | CIVIL NO. 3:03CV627(JBA)(JGM) |
| | : | US DIST. |
| VS. | : | BRIDG... |
| | : | |
| JOHN ARMSTRONG, ET AL. | : | |
| *Defendants.* | : | NOVEMBER 24, 2003 |

**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS**

**I.      INTRODUCTION**

Plaintiff brings this action under 42 U.S.C. § 1983 against numerous defendants alleging that his constitutional rights were violated when he was housed at the Northern Correctional Institution. On or about October 7, 2003, defendants moved to dismiss this matter. Plaintiff recently filed his opposition to the motion to dismiss.

In his opposition, plaintiff alleges that the defendants did not uphold their end of the bargain because he was sent to Maryland rather than Minnesota or Tennessee. Plaintiff misconstrues the language of the settlement. More specifically, the settlement papers and the release state that defendants "would pursue" or "attempt to place" plaintiff in Minnesota or Tennesee. When both of those states refused to take plaintiff, he was asked, what other states he was interested in and indicated that he was interested in Maryland. See letters from plaintiff, defense counsel and Lynn Milling attached hereto.

Plaintiff's allegation that defendants did not live up to their end of the bargain is without merit. Plaintiff's attempt to get around the settlement agreement violates the principles of an accord and satisfaction.

"When there is a good faith dispute about the existence of a debt or about the amount that is owed, the common law authorizes the debtor and the creditor to negotiate a contract of accord to settle the outstanding claim." County Fire Door Corp. v. C.F. Wooding Co., 202 Conn. 277, 281, 520 A.2d 1028 (1987). "An accord is a contract between creditor and debtor for the settlement of a claim by some performance other than that which is due. Satisfaction takes place when the accord is executed." W.H. McCune, Inc. v. Revzon, 151 Conn. 107, 109, 193 A.2d 601 (1963).

Connecticut General Statutes §42a-3-311 entitled Accord and Satisfaction by use of instrument states in relevant part:

> (a) If a person against whom a claim is asserted proves that (i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument, the following subsections apply.
> (b)... the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.

Here, both the settlement agreement and the release state clearly, that the settlement was for ALL claims that plaintiff had as of the date of the settlement. More specifically, the settlement agreement states, "This Agreement constitutes a compromise and settlement of these actions AND ANY OTHER ACTIONS CURRENTLY PENDING OR WHICH COULD HAVE BEEN BROUGHT AS OF THIS DATE AGAINST THE STATE OF CONNECTICUT, ITS AGENCIES, AGENTS, AND/OR CURRENT OR FORMER EMPLOYEES." (Emphasis added). Similarly, the release states in relevant part, " Carnell Hunnicutt, does on behalf of himself, his sucessors and assigns, for and in consideration of the sum of Five Thousand dollars ($5,000.00) paid by

the State of Connecticut to Mr. Hunnicutt and the State of Connecticut Department of Corrections attempt to place Mr. Hunnicutt through the Interstate Compact in Minnesota or Tennesee herewith releases and forever discharges, the State of Connecticut, the State of Connnecticut Department of Correction, and its agents officials or employees. . . . . and ALL OTHER PRESENT OR FORMER OFFICERS, AGENTS, AND EMPLOYEES OF THE STATE OF CONNECTICUT, AND THE STATE OF CONNECTICUT ITSELF, FROM ALL ACTIONS, CAUSES OF ACTION, SUITS, CLAIMS, CONTROVERSIES, DAMAGES AND DEMANDS OF EVERY NATURE AND NAME, IN LAW OR IN EQUITY, INCLUDING ATTORNEY'S FEES AND COSTS, WHICH CARNELL HUNNICUTT, HIS SUCCESSORS AND ASSIGNS, EVER HAD, NOW HAS OR HEREAFTER CAN, SHALL OR MAY HAVE. . . ." (Emphasis added).

Plaintiff agreed to give up all disputed claims he had against the state of Connecticut as of May 3, 2002. He was then sent to Maryland on August 22, 2002. Plaintiff cannot settle all of his claims with the defendants, get paid, get an out of set transfer and then seek to resurrect claims that accrued prior to May 3, 2002. For this reason and all those set forth in defendants' October 7, 2003 memorandum of law, this action should be dismissed.

DEFENDANTS,
John Armstrong, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Ann E. Lynch
Assistant Attorney General
Federal Bar No. ct08326
110 Sherman Street
Hartford, CT  06105
Telephone No.: (860) 808-5450
Fax No. (860) 808-5591
E-mail: ann.lynch@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid this 24th day of November 2003 to:

Carnell Hunnicutt, Inmate No. 309675
MHC-X
PO Box 534
Jessup, Maryland   20794

Ann E. Lynch
Assistant Attorney General