MANDATE

CT / NEW Haven
03-cv-627
Judge Dorsey

FILED

15 DEC 19 P 1:01

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 13th day of October, two thousand and five.

PRESENT:    HON. JON O. NEWMAN,
            HON. SONIA SOTOMAYOR,
                *Circuit Judges,*
            HON. GEORGE B. DANIELS,
                *District Judge.*[*]



---

Carnell Hunnicutt,

          *Plaintiff-Appellant,*

    v.                                                    No. 04-1565-pr

John J. Armstrong, Larry Myers, Thomas Coates, Christine Whidden, Michael Lajoie, William Faneuff, Maurice Butler, Kim Weir, Patricia Wollenhaupt, Saundra Katz Feinberg, Paul Chaplin, Tom Latier, Irene Wooven, Kevin Power, Peter Matos, Jack Tokarz,

          *Defendants-Appellees.*

---

For Appellant:          CARNELL HUNNICUTT, Cheshire, CT.

For Appellees:          ANN E. LYNCH, Assistant Attorney General
                        (Richard Blumenthal, Attorney General of
                        Connecticut), Hartford, Ct.

    UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the United States District Court for the District of Connecticut

---

[*] The Honorable George B. Daniels, of the United States District Court for the Southern District of New York, sitting by designation.

ISSUED AS MANDATE:    DEC 8 2005

(Dorsey, J.) is AFFIRMED in part, and VACATED and REMANDED in part.

Plaintiff-appellant Carnell Hunnicutt ("Hunnicutt"), *pro se*, appeals from the judgment dismissing his civil rights action for, *inter alia*, failing to comply with Rule 8 of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the facts of the case, its relevant procedural history, and the issues on appeal.

We find that Hunnicutt adequately alleged a right to privacy claim, even through he did not identify the Ninth Amendment or any other amendment as the source of his claim. In faulting Hunnicutt for not citing the Ninth Amendment, the District Court demanded far more than the "short and plain statement of the claim" required by Rule 8. We have held that the liberal pleading requirements of Rule 8 do not permit dismissal for "'failure in a complaint to cite a statute, or to cite the correct one . . . ,'" *Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 46 (2d Cir. 1997) (quoting *Albert v. Carovano*, 851 F.2d 561, 571 n.3 (2d Cir. 1988) (*in banc*)). "'Factual allegations alone are what matters.'" *Id.*

Although Hunnicutt's amended complaint is not a model of brevity or clarity, it nevertheless achieved the goal of fair notice. *See Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995). A paragraph of the amended complaint, entitled "Fraudulent Mental Health Services/Non-Existant [sic] Psychological Evaluations," alleged that the defendants "discussed the plaintiff['s] private/personal mental health issues on the tier outside of the plaintiff[] and in front of other prisoners and D.O.C. employees violating psychiatrist/psychologist-patient privileged communications." In the section of the amended complaint identifying the defendants, Hunnicutt asserted that Irene Wooven and Kevin Power "violated psychiatrist/patient privileged communication by discussing the plaintiff['s] mental health issues on the tier in the presence of other prisoners," and Paul Chaplin "routinely talked to the plaintiff[] on the tier while violating psychiatrist/psychologist-patient communications." In his claims for relief, Hunnicutt alleged that defendants "Chaplain-Latier-Wooven and Powers . . . allow[ed] non-health staff access to [prisoners'] confidential health records," albeit identifying this as a violation of the 8th Amendment. In light of these allegations, the amended complaint gave adequate notice of a right to privacy claim based on the public discussion of Hunnicutt's mental health issues. Indeed, in dismissing the amended complaint, the district court itself noted Hunnicutt's allegation that "[a]ny meeting with mental health staff was conducted on the tier within hearing of other inmates." The district court even found that "Hunnicutt alleges that the defendants violated his Eighth Amendment right to psychiatrist-patient confidentiality."

For the reason discussed, we VACATE the judgment, in part, as it relates to the dismissal of the constitutional privacy claim concerning the defendants' discussion of the plaintiff's private/personal mental health issues in front of other prisoners and D.O.C. employees, as well as the state law claim involving the right to psychiatrist/psychologist-patient confidentiality, and REMAND for further proceedings. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) (reinstating and remanding a state law claim with a federal claim where the state law claim "form[s] part of the same case or controversy"). We express no view on whether other grounds exist to dismiss the complaint once it is amended. *See Scutti Enters., LLC v. Park Place Entm't Corp.*, 322 F.3d 211, 215 (2d Cir. 2003) (noting that more extensive pleading of facts is

not required under Rule 8 because the federal rules "'provide other devices besides pleadings that . . . serve to define the facts and issues'") (quoting 2 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 8.04[1] (3d ed. 1999) (citation omitted)).  On appeal, Hunnicutt challenges only the dismissal of his right to privacy claim against defendants-appellees Tom Latier, Wooven, Power, and Chaplin, and consequently we deem his other claims abandoned and, to that extent, AFFIRM the judgment.  *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995).

> FOR THE COURT:
> Roseann B. MacKechnie, Clerk
>
> By: *Lucille Carr*

A TRUE COPY
B. MacKECHNIE, CLERK

-3-