ORIGINAL

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT - PLAINTIFF

V.

JOHN ARMSTRONG, PAUL CHAPLAIN, TOM LATIER, IRENE WOOVEN AND KEVIN POWER, ALL BEING SUED IN BOTH OFFICIAL/INDIVIDUAL CAPACITIES.
  - DEFENDANTS -

FILED PRISONER
CASE NO. 3:03CV627 (PCD)(JGM)
2006 FEB 21  P 4:42
U.S. DISTRICT
BRIDGEPORT CONN
AMENDED COMPLAINT

JURY TRIAL DEMANDED

## PRELIMINARY STATEMENT

THIS IS A CIVIL ACTION FILED BY CARNELL HUNNICUTT, A STATE PRISONER WHO WAS INCARCERATED AT NORTHERN C.I. WHEN THE EVENTS OCCURRED NAMED IN THIS COMPLAINT. THE PLAINTIFF IS SEEKING DAMAGES PUNITIVE/NOMINAL AND DECLARATORY FOR THE VIOLATIONS OF HIS U.S. CONSTITUTIONAL RIGHTS/STATE CONSTITUTIONAL RIGHTS AND THE VIOLATION OF THE CONNECTICUT GENERAL STATUTE LAWS UNDER 42 U.S.C. §1983 AND §1988. THE PLAINTIFF ALLEGES THAT THE NAMED DEFENDANTS VIOLATED HIS CONSTITUTIONAL RIGHT TO PRIVACY BY DISCUSSING HIS PERSONAL/PRIVATE MENTAL HEALTH ISSUES BEFORE OTHER INMATES AND CORRECTIONAL OFFICERS. THIS VIOLATED THE NINTH AMENDMENT TO THE U.S. CONSTITUTION- THE CONNECTICUT STATE CONSTITUTION, ARTICLE I SECTIONS 1, 7, 11, AND 20. ALSO THE CONNECTICUT GENERAL STATUTES §52-146c AND §52-146d WITH DELIBERATE INDIFFERENCE.

### JURISDICTION

1. THIS COURT HAS JURISDICTION OVER THE PLAINTIFF'S CLAIMS OF FEDERAL VIOLATIONS OF CONSTITUTIONAL RIGHTS UNDER 28 U.S.C. §1331. THE PLAINTIFF SEEKS THAT THE COURT WOULD EXERCISE PENDENT JURISDICTION OVER STATE LAW CLAIMS BASED ON A COMMON NUCLEUS OF OPERATIVE FACT CLOSELY RELATED TO THE CONDUCT OF THE DEFENDANTS.

### PARTIES

2. PLAINTIFF CARNELL HUNNICUTT WAS, AT ALL TIMES RELEVANT HERETO, A PRISONER IN THE CUSTODY OF THE CONNECTICUT DEPT. OF CORRECTION (CT. DOC) AT THE TIME OF THE EVENTS RELATED HERETO, HUNNICUTT WAS INCARCERATED AT NORTHERN C.I. HUNNICUTT IS CURRENTLY INCARCERATED AT SANTA ROSA C.I. IN THE STATE OF FLORIDA.



3. Defendant John Armstrong was at all times relevant hereto, Commissioner of Corrections for the CT. DOC.

4. Defendant Paul Chaplain was at all times relevant hereto, Mental Health Supervisor/Head Psychiatrist at Northern C.I.

5. Defendant Tom Latier was at all times relevant hereto, a Psychiatric Social Worker at Northern C.I.

6. Defendant Irene Wooven was at all times relevant hereto, a Psychiatric Social Worker at Northern C.I.

7. Defendant Kevin Power was at all times relevant hereto, a Psychiatric Social Worker at Northern C.I.

8. All Defendants have acted, and continue to act, under color of state law, at all times relevant to this Complaint.

## FACTS

9. On or about July 2002, Plaintiff was assigned to and resided in Cell 1 East, 222, at Northern C.I. with his cellmate Ramon Lopez (Ramon)

10. During this time Ramon spoke to Defendant Latier concerning his Personality Assessment Inventory in which Latier informed the Plaintiff and the entire tier of inmates of Ramon's clinical report calling him a "shyster who uses his boyish looks to manipulate people" and a "sociopath".

11. The Plaintiff became interested in the Personality Assessment Inventory and requested to take the questionaire through Defendant Wooven. Wooven discussed the Plaintiff's mental health history on the tier in the presence of Ramon Lopez and the tier housing other inmates, despite the Plaintiff's request to discuss his issues in private.

12. As a result, the Plaintiff was ridiculed and made the butt of jokes by both inmates/staff. Staff listened to the discussions through the intercom system in the cells/on the tier located by the Plaintiff's cell.

13. On or about August 2002, Defendant Wooven provided the questionaire for Personality Assessment Inventory to the Plaintiff. The Plaintiff answered the questionaire and returned to Defendant Wooven.

14. Defendant Wooven discussed mental health issues concerning both Ramon Lopez and the plaintiff on their tier in front of cell 1 East 222. Said defendant stated the plaintiff would get the results in a week or two from the Personality Assessment Inventory.

15. The plaintiff asked Defendant Wooven if she was aware of discussing the plaintiff's personal/private mental health issues on the tier violated the Connecticut General Statutes' psychiatrist/patient privileged communications. Defendant Wooven stated custody wouldn't allow her to bring out inmates to discuss matters because prisoners were abusing mental health services to get out of their cells.

16. Sometime later prior to the plaintiff's transfer out of state to Maryland, Defendant Chaplain produced the results of the Personality Assessment Inventory for the plaintiff. Defendant Chaplain proceeded to read and discuss the results at the cell door. The plaintiff told Defendant Chaplain not to put his mental health problems on the tier due to it's privileged communication. Chaplain handed the documents to the plaintiff and walked off stating, "I can't bring you out of your cell."

17. Defendant Latier came around at a later date and informed the plaintiff he read the Personality Assessment Inventory done on him. Latier stated the plaintiff was suffering from anti-social personality disorder, paranoia, and drew pictures of women to mask his homosexual tendencies. This was done in front of cell 1 East 222 in front of other prisoners. Latier then stated on the plaintiff's cellmate (Ramon) calling him "a piece of shit."

18. On August 22, 2002, the plaintiff was transferred out of state.

<u>In General</u>

19. In general the Defendants routinely ignored the plaintiff's/inmates' state/federal rights to privacy in discussing their/the plaintiff's mental health information in front of the cell(s) where he was housed.

20. A majority of mental health screening/discussions took place on the tier in front of other inmates/staff during July/August 2002 per custody who felt inmates were "faking" to get out of their cells.

(3)

21. **CAUSES OF ACTION**

   **FIRST CAUSE OF ACTION** - THE DELIBERATE INDIFFERENCE OF DISCUSSING THE PLAINTIFF'S MENTAL HEALTH ISSUES IN FRONT OF OTHER'S VIOLATED THE PRIVACY RIGHTS OF THE PLAINTIFF UNDER THE NINTH ARTICLE TO THE U.S. CONSTITUTION / 9th AMENDMENT.

   **SECOND CAUSE OF ACTION** - THE DELIBERATE DISREGARD FOR PSYCHIATRIST/PATIENT AND/OR PSYCHOLOGIST/PATIENT PRIVILEGED COMMUNICATION VIOLATED THE C.G.S. §§ 52-146c AND 52-146d THROUGH DISCUSSING THE PLAINTIFF'S MENTAL HEALTH ISSUES ON THE TIER.

   **THIRD CAUSE OF ACTION** - THE DELIBERATE INDIFFERENCE TOWARDS THE PLAINTIFF'S PRIVACY RIGHTS CONCERNING HIS MENTAL HEALTH ISSUES VIOLATED THE CONNECTICUT STATE CONSTITUTION - ARTICLE I SECTION(S) 1, 7, 11, AND 20.

   **FOURTH CAUSE OF ACTION** - THE DEFENDANTS ACTED WITH DELIBERATE INDIFFERENCE AND VIOLATED THEIR PROFESSION THROUGH ROUTINELY SPEAKING TO THE PLAINTIFF ABOUT HIS MENTAL HEALTH ISSUES ON THE TIER INSTEAD OF A CONFIDENTIAL SETTING.

   **CLAIMS FOR RELIEF**

22. THE ACTIONS OF DEFENDANTS CHAPLIAN, LATIER, WOOVEN, AND POWERS TO DEPRIVE THE PLAINTIFF A CONFIDENTIAL REVIEW/DISCUSSION CONCERNING HIS MENTAL HEALTH ISSUES VIOLATED THE NINTH AMENDMENT OF THE U.S. CONSTITUTION, C.G.S. §52-146c, §52-146d AND THE CONNECTICUT STATE CONSTITUTION.

23. THE ACTIONS OF THE DEFENDANTS ACTED WITH DELIBERATE INDIFFERENCE TO THE PLAINTIFF'S PRIVACY RIGHTS VIOLATED THE NINTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION, THE C.G.S. §52-146c/§52-146d AND THE CT. STATE CONSTITUTION.

   **RELIEF REQUESTED**

   WHEREFORE, PLAINTIFF REQUEST THAT THE COURT GRANT THE FOLLOWING RELIEF:

   A. ISSUE A DECLARATORY JUDGEMENT STATING THAT:
   1.) THE DEFENDANTS VIOLATED THE PLAINTIFF'S NINTH AND FOURTEENTH AMENDMENT RIGHTS TO THE U.S. CONSTITUTION, THE CT. STATE CONSTITUTION AND C.G.S. §52-146c AND §52-146d.

   B. AWARD NOMINAL DAMAGES IN THE FOLLOWING AMOUNT:
   $6,000 JOINTLY AND SEVERALLY AGAINST DEFENDANTS CHAPLAIN, LATIER, WOOVEN, AND POWER.

C) AWARD PUNITIVE DAMAGES IN THE FOLLOWING AMOUNT;
  $10,000 EACH AGAINST DEFENDANTS CHAPLAIN, LATIERI, WOOVEN AND POWER.

D) AWARD ATTORNEY FEES / COURT FEES TO THE PLAINTIFF

E) GRANT SUCH OTHER RELIEF AS IT APPEAR THE PLAINTIFF IS ENTITLED.

2/15/06
DATE

RESPECTFULLY SUBMITTED,

CARNELL HUNNICUTT #127392
SANTA ROSA CI
5850 E. MILTON ROAD
MILTON, FLORIDA 32583

(5)