UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT - PLAINTIFF
V.

JOHN ARMSTRONG, PAUL CHAPLAIN,
TOM LATIER, IRENE WOOVEN, AND
KEVIN POWER, ALL BEING SUED IN BOTH
THEIR OFFICIAL/INDIVIDUAL CAPACITIES.
DEFENDANTS

PRISONER
CASE NO. 3:03CV627(PCD)(JGM)

**AMENDED COMPLAINT**

JURY TRIAL DEMANDED

## PRELIMINARY STATEMENT

THIS IS A CIVIL ACTION FILED BY CARNELL HUNNICUTT, A STATE PRISONER, FOR NOMINAL AND PUNITIVE DAMAGES AND DECLARATORY JUDGEMENT, UNDER 42 U.S.C. §1983 AND §1988. THE NAMED DEFENDANTS ARE BEING SUED IN THEIR INDIVIDUAL CAPACITIES FOR MONETARY DAMAGES AND IN THEIR OFFICIAL CAPACITIES FOR DECLARATORY JUDGEMENT, FOR THE VIOLATIONS OF THE PLAINTIFF'S U.S. CONSTITUTIONAL RIGHTS / STATE CONSTITUTIONAL RIGHTS AND THE VIOLATION OF THE CONNECTICUT GENERAL STATUTES. THE PLAINTIFF ALLEGES THAT THE ABOVE NAMED DEFENDANTS VIOLATED HIS CONSTITUTIONAL RIGHT TO PRIVACY BY DISCUSSING HIS PERSONAL AND PRIVATE MENTAL HEALTH ISSUES IN FRONT OF CORRECTIONAL OFFICERS AND INMATES. THIS VIOLATED THE NINTH AMENDMENT TO THE U.S. CONSTITUTION, THE CONNECTICUT STATE CONSTITUTION - ARTICLE I SECTIONS 1, 7, 11, AND 20. ALSO THE CONNECTICUT GENERAL STATUTES §52-146c AND §52-146d WITH DELIBERATE INDIFFERENCE.

## JURISDICTION

1) THIS COURT HAS JURISDICTION OVER THE PLAINTIFF'S CLAIMS OF FEDERAL VIOLATIONS OF CONSTITUTIONAL RIGHTS UNDER 28 U.S.C. §1331. THE PLAINTIFF SEEKS THAT THE COURT WOULD EXERCISE PENDENT JURISDICTION OVER HIS STATE LAW CLAIMS BASED ON A COMMON NUCLEUS OF OPERATIVE FACT CLOSELY RELATED TO THE CONDUCT OF THE DEFENDANTS.

## PARTIES

2) PLAINTIFF CARNELL HUNNICUTT WAS, AT ALL TIMES RELEVANT HERETO, A PRISONER IN THE CUSTODY OF THE CONNECTICUT DEPT OF CORRECTION (CT. DOC) AT THE TIME OF THE EVENTS RELATED HERETO. I WAS INCARCERATED


(1)

AT NORTHERN C.I. PLAINTIFF IS NOW CURRENTLY INCARCERATED AT SANTA ROSA C.I. IN THE STATE OF FLORIDA.

3. DEFENDANT JOHN ARMSTRONG WAS AT ALL TIMES RELEVANT HERETO, COMMISSIONER OF CORRECTION FOR THE STATE OF CONNECTICUT DEPT. OF CORRECTION.

4. DEFENDANT PAUL CHAPLAIN WAS AT ALL TIMES RELEVANT HERETO, THE MENTAL HEALTH SUPERVISOR/HEAD PSYCHIATRIST AT NORTHERN C.I. 287 BILTON RD SOMERS, CT 06071. WHERE HE IS STILL EMPLOYED.

5. DEFENDANT TOM LATIER WAS AT ALL TIMES RELEVANT HERETO, EMPLOYED AS A PSYCHIATRIC SOCIAL WORKER AT NORTHERN C.I. AT 287 BILTON RD - SOMERS, CT 06071 WHERE HE IS STILL EMPLOYED.

6. DEFENDANT IRENE WOOVEN WAS AT ALL TIMES RELEVANT HERETO, EMPLOYED AS A PSYCHIATRIC SOCIAL WORKER AT NORTHERN C.I. AT 287 BILTON RD - SOMERS, CT 06071. SHE IS BELIEVED TO BE AT OSBORNE C.I. 100 BILTON RD SOMERS, CT 06071 EMPLOYED AS A PSYCHIATRIC SOCIAL WORKER.

7. DEFENDANT KEVIN POWER WAS AT ALL TIMES RELEVANT HEREIN, EMPLOYED AS A PSYCHIATRIC SOCIAL WORKER AT NORTHERN C.I. AT 287 BILTON ROAD SOMERS, CT 06071. WHERE HE IS STILL EMPLOYED.

8. ALL DEFENDANTS HAVE ACTED, AND CONTINUE TO ACT, UNDER COLOR OF STATE LAW, AT ALL TIMES RELEVANT TO THIS COMPLAINT.

FACTS

9. ON OR ABOUT JULY 2002, THE PLAINTIFF WAS ASSIGNED AND HOUSED IN CELL 222 1EAST WITH INMATE RAMON LOPEZ.

10. While in the cell with Ramone the Plaintiff listened to Defendant Latier and Ramon discussing his Personality Assessment Inventory, in which Defendant Latier informed the Plaintiff and the entire tier of inmates of Ramon's clinical report stating, "He was a shyster who uses his boyish looks to manipulate people" and called Ramon a "sociopath".

11. The Plaintiff became interested in taking the Personality Assessment Inventory and requested to take the questionaire through Defendant Wooven on her rounds in the unit. Defendant Wooven discussed the Plaintiff's mental health history at his door on the tier in front of his cellmate (Ramon) and other inmates listening in, despite the request by the Plaintiff to discuss his issues in private.

12. As a result of his mental health issues being exposed, the Plaintiff was ridiculed and made the butt of jokes by both inmates/staff. (Staff listened to these discussions on the intercom system located on the tiers and inside the cells.)

13. Around early August 2002, Defendant Wooven provided the questionaire for the Personality Assessment Inventory for the Plaintiff. The Plaintiff finished the questionaire in an hour and returned it to Defendant Wooven to be evaluated.

14. Defendant Wooven continued to discuss mental health issues concerning both Ramon Lopez and myself during this time, at our cell door (1 East 222) on the tier with other inmates listening. Said Defendant stated I would receive the results from the questionaire in about a week or two.

15. THE PLAINTIFF ASKED DEFENDANT WOOVEN, IF SHE WAS AWARE THAT DISCUSSING THE PLAINTIFF'S PERSONAL/PRIVATE MENTAL HEALTH ISSUES ON THE TIER VIOLATED THE CONNECTICUT GENERAL STATUTES REGARDING PSYCHIATRIST/PATIENT PRIVILEGED COMMUNICATIONS. THE DEFENDANT (WOOVEN) STATED THAT CUSTODY WOULDN'T ALLOW HER TO BRING INMATES OUT OF THEIR CELLS TO DISCUSS MATTERS IN PRIVATE, BECAUSE THEY (INMATES) WERE ABUSING MENTAL HEALTH SERVICES TO GET OUT OF THEIR CELLS.

16. SOMETIME LATER, PRIOR TO THE PLAINTIFF'S TRANSFER OUT OF STATE TO MARYLAND, DEFENDANT CHAPLAIN PRODUCED THE RESULTS OF THE PERSONALITY ASSESSMENT INVENTORY TO THE PLAINTIFF. SAID DEFENDANT PROCEEDED TO READ AND DISCUSS THE RESULTS TO THE PLAINTIFF AT HIS CELL DOOR (1 EAST 222.) THE PLAINTIFF TOLD DEFENDANT CHAPLAIN NOT TO PUT HIS MENTAL HEALTH PROBLEMS ON THE TIER DUE TO BEING PRIVILEGED COMMUNICATION. DEFENDANT CHAPLAIN SLID THE RESULTS IN THE SIDE OF THE DOOR TO THE PLAINTIFF AND WALKED OFF STATING, "I CAN'T BRING YOU OUT OF YOUR CELL."

17. DEFENDANT LATIER CAME AROUND AT A LATER DATE AND INFORMED THE PLAINTIFF HE READ HIS PERSONALITY ASSESSMENT INVENTORY DONE ON HIM. SAID DEFENDANT STATED HE KNEW THE PLAINTIFF SUFFERED FROM ANTI-SOCIAL PERSONALITY DISORDER, PARANOIA, AND DREW PICTURES OF WOMEN TO MASK HIS HOMOSEXUAL TENDENCIES. THIS TOOK PLACE IN FRONT OF CELL 1 EAST 222 ON THE TIER WITH OTHER INMATES LISTENING. DEFENDANT LATIER THEN CALLED RAMON, "A PIECE OF SHIT."

18. ON AUGUST 22, 2002, THE PLAINTIFF TRANSFERRED OUT OF STATE.

    IN GENERAL

19. IN GENERAL THE DEFENDANTS ROUTINELY IGNORED THE PLAINTIFF'S STATE/FEDERAL RIGHTS TO PRIVACY IN DISCUSSING HIS MENTAL HEALTH ISSUES ON THE TIER WHERE HE WAS HOUSED. A MAJORITY OF THESE MENTAL HEALTH SCREENINGS/DISCUSSIONS WERE DONE IN FRONT OF INMATES/STAFF DUE TO CUSTODY FELT INMATES WERE "FAKING" TO GET OUT OF THEIR CELLS.

(4)

## 2.0 CAUSES OF ACTION

FIRST CAUSE OF ACTION - THE DELIBERATE INDIFFERENCE OF DISCUSSING THE PLAINTIFF'S MENTAL HEALTH ISSUES IN FRONT OF OTHERS VIOLATED THE PRIVACY RIGHTS OF THE PLAINTIFF UNDER THE NINTH ARTICLE TO THE U.S. CONSTITUTION/9th AMENDMENT.

SECOND CAUSE OF ACTION - THE DELIBERATE DISREGARD FOR PSYCHIATRIST/PATIENT AND/OR PSYCHOLOGIST/PATIENT PRIVILEGED COMMUNICATION VIOLATED THE C.G.S. §§ 52-146c AND 52-146d THROUGH DISCUSSING THE PLAINTIFF'S MENTAL HEALTH ISSUES ON THE TIER.

THIRD CAUSE OF ACTION - THE DELIBERATE INDIFFERENCE TOWARDS THE PLAINTIFF'S PRIVACY RIGHTS CONCERNING HIS MENTAL HEALTH ISSUES VIOLATED THE CONNECTICUT STATE CONSTITUTION - ARTICLE I SECTION(S) 1, 7, 11, AND 20.

FOURTH CAUSE OF ACTION - THE DEFENDANTS ACTED WITH DELIBERATE INDIFFERENCE AND VIOLATED THEIR PROFESSION THROUGH ROUTINELY SPEAKING TO THE PLAINTIFF ABOUT HIS MENTAL HEALTH ISSUES ON THE TIER INSTEAD OF A CONFIDENTIAL SETTING.

## CLAIMS FOR RELIEF

21. THE ACTIONS OF DEFENDANTS CHAPLIAN, LATIER, WOOVEN, AND POWERS TO DEPRIVE THE PLAINTIFF A CONFIDENTIAL REVIEW/DISCUSSION CONCERNING HIS MENTAL HEALTH ISSUES VIOLATED THE NINTH AMENDMENT OF THE U.S. CONSTITUTION, C.G.S. §52-146c, §52-146d AND THE CONNECTICUT STATE CONSTITUTION.

22. THE ACTIONS OF THE DEFENDANTS ACTED WITH DELIBERATE INDIFFERENCE TO THE PLAINTIFF'S PRIVACY RIGHTS VIOLATED THE NINTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION, THE C.G.S. §52-146c/§52-146d AND THE CT. STATE CONSTITUTION.

## RELIEF REQUESTED

WHEREFORE, PLAINTIFF REQUEST THAT THE COURT GRANT THE FOLLOWING RELIEF:

A. ISSUE A DECLARATORY JUDGEMENT STATING THAT:

1) THE DEFENDANTS VIOLATED THE PLAINTIFF'S NINTH AND FOURTEENTH AMENDMENT RIGHTS TO THE U.S. CONSTITUTION, THE CT. STATE CONSTITUTION AND C.G.S. §52-146c AND §52-146d.

B. AWARD NOMINAL DAMAGES IN THE FOLLOWING AMOUNT:

$6,000 JOINTLY AND SEVERALLY AGAINST DEFENDANTS CHAPLIAN, LATIER, WOOVEN, AND POWER.

C) AWARD PUNITIVE DAMAGES IN THE FOLLOWING AMOUNT;
   $10,000 EACH AGAINST DEFENDANTS CHAPLAIN, LATIER, WOOVEN AND POWER.

D) AWARD ATTORNEY FEES / COURT FEES TO THE PLAINTIFF

E) GRANT SUCH OTHER RELIEF AS IT APPEAR THE PLAINTIFF IS ENTITLED.

RESPECTFULLY SUBMITTED,

CARNELL HUNNICUTT, SR.d 127392

3/9/06
DATE

SANTA ROSA C.I.
5850 E. MILTON ROAD
MILTON, FLORIDA 32583