UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARNELL HUNNICUTT | : | PRISONER |
| *Plaintiff,* | : | CIVIL NO. 3:03CV627(PCD) |
| | : | |
| VS. | : | |
| | : | |
| JOHN ARMSTRONG, ET AL. | : | |
| *Defendants.* | : | MARCH 29, 2006 |

### DEFENDANTS' OBJECTION TO MOTION FOR LEAVE
### TO FILE AMENDED COMPLAINT

The defendants in the above referenced matter, John Armstrong et al, object to plaintiff's proposed amended complaint because plaintiff purports to name John Armstrong as a defendant but makes no allegations of personal involvement against him. Accordingly, plaintiff's proposed amended complaint is legally deficient as to John Armstrong.

Section 1983 imposes liability for "conduct which 'subjects, or causes to be subjected,' the complainant to a deprivation of rights secured by the Constitution and laws." Rizzo v. Goode, 423 U.S. 362, 370-71 (1976) (quoting 42 U.S.C. §1983). Where damages are sought in a §1983 action, the defendant(s) must be responsible for the alleged constitutional deprivation. Thus, an allegation of personal involvement is a necessary prerequisite for a valid cause of action under §1983. See, e.g., Gill v. Mooney, 824 F.2d 192, 196 (2d Cir. 1987); Johnson v. Glick, 481 F.2d 1028, 1034 (2d Cir.), cert. denied, 414 U.S. 1033, 38 L.Ed. 2d 324, 94 S.Ct. 462 (1973), rev'd on other grounds, Graham v. Connor, 490 U.S. 386 (1989); McKinnon v. Patterson, 568 F.2d 930 (2d Cir. 1977), cert. denied, 434 U.S. 1087, 55 L.Ed. 2d 792, 98 S.Ct. 1282 (1978). Consistent with the requirement that personal involvement is required for a claim under §1983, the Supreme Court has ruled that the general doctrine of respondeat superior does not suffice to state a claim under §1983. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 692-95, 56 L.Ed. 2d 611, 98 S.Ct. 2018 (1978). Thus, in

order to state a cognizable claim, the plaintiff must allege, and ultimately prove, "personal involvement of [the defendants] sufficient to support their liability for wrongful acts," not merely their "linkage in the . . . chain of command." Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985).

Supervisory responsibility alone is not enough to confer exposure to liability. Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986); Williams v. Vincent, 508 F.2d 541, 546 (2d Cir. 1974). A supervisory official may only be liable if it is alleged that he or she learned of the violation and failed to remedy the wrong, if he created or permitted the policy or wisdom under which the unconstitutional practices occurred, or if he was grossly negligent in managing subordinates who caused the violation. Williams v. Smith, 781 F.2d at 323-24; Meriwether v. Coughlin, 879 F.2d 1037 (2d Cir. 1989). "A plaintiff must thus allege a tangible connection between the acts of the defendants and the injuries suffered." Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986). An official cannot be held liable merely because he or she occupies a high position in the prison hierarchy. Colon v. Coughlin, 58 F.3d 865, 874 (2d Cir. 1995).

In Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997), the plaintiff sent two letters to the defendant prison official. The first letter, an appeal from an administrative segregation hearing, was referred by the receiving official to another official for determination. The second letter was a status inquiry to which the official responded by informing the prisoner that a decision had been rendered. The Second Circuit found that this conduct on the part of the defendant official, without more, "[did] not demonstrate the requisite personal involvement" to support a finding of liability. Id at 51.

Similarly, in Colon v. Coughlin, 58 F.3d 865 (2d Cir. 1995), the Second Circuit found insufficient personal involvement by an official who received a prisoner's letter complaint but did not investigate the prisoner's claims, noting that "the contents of the letter are not specified; we do not

know, therefore, whether the letter was one that reasonably should have prompted [the official] to investigate." Id. at 873.

In a case similar to the one at bar, a Western District of New York court held:

[C]onclusory allegations alone are insufficient to establish personal involvement under §1983. See, e.g.,Ellis v. Guarino, 2004 U.S. Dist. LEXIS 16748, No. 03 Civ. 6562 DAB AJP, 2004 WL 1879834 at *10 (S.D.N.Y. Aug. 24, 2004) ("Plaintiff's conclusory allegation, by itself, cannot sustain a § 1983 claim."); Romer v. Morgenthau, 119 F.Supp.2d 346, 355 (S.D.N.Y. 2000) ("Mere allegations that defendants knew of the wrongs does not establish personal involvement."). As the Second Circuit has stated, we are mindful of the generous approach to pleading outlined in Conley v.Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957) . . . however, we think that Conley permits a pleader to enjoy all favorable inferences from facts that have been pleaded, and does not permit conclusory statements to substitute for minimally sufficient factual allegations. Furlong v. Long Island College Hosp., 710 F.2d 922, 927 (2d Cir. 1983).  Here, plaintiffs have not alleged any facts showing actual personal involvement by Ross, Barclay, or LaPoint, but instead, have merely restated, in conclusory fashion, the legal standard for finding personal involvement by a supervisory official.

LM Business Associates Inc. v. Ross, 2004 U.S. Dist. LEXIS 28467 (W.D.N.Y. 2004)(attached).

In this same vein,

Plaintiff cannot survive a motion to dismiss, however, simply by stating legal conclusions as if they were facts. See, e.g., Papasan v. Allain, 478 U.S. 265, 286, 92 L. Ed. 2d 209, 106 S. Ct. 2932 (1986) ("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.")

Palumbo v. Weil, 2001 U.S. Dist LEXIS 25728 at *11 (D.Conn. 2001)(attached).

Here, plaintiffs set forth no factual allegations against defendant Armstrong in his proposed amended complaint other than that Armstrong was the Commissioner of Correction.  This allegation is insufficient for plaintiff to maintain this lawsuit against defendant Armstrong.  Accordingly, the

3

defendants object to the proposed amended complaint to the extent it names Armstrong as a defendant.

DEFENDANTS

JOHN ARMSTRONG, et al

RICHARD BLUMENTHAL
ATTORNEY GENERAL

\_\_/s/_____
By:   Ann E. Lynch
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel.: (860)808-5450
Federal Bar No. ct08326

## CERTIFICATION

I hereby certify that pursuant to § 5(b) of the Federal Rules of Civil Procedure a copy of the foregoing was mailed, postage prepaid, this \_\_\_\_\_ day of March 2006 to:

Carnell Hunnicutt, Sr.
#127392
Santa Rosa C.I.
5850 E. Milton Road
Milton Florida 32583

\_\_/s/_____
Ann E. Lynch
Assistant Attorney General

5

Case 3:03-cv-00627-PCD     Document 65     Filed 03/30/2006     Page 5 of 5