UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARNELL HUNNICUTT, PLAINTIFF<br>VS.<br>PAUL CHAPLAIN, TOM LATIER,<br>IRENE WOOVEN, AND KEVIN POWER<br>ALL BEING SUED IN BOTH OFFICIAL/<br>INDIVIDUAL CAPACITIES.<br>— DEFENDANTS — | PRISONER<br>CASE NO. 3:03CV627(PCD)(JGM)<br><br>**AMENDED COMPLAINT**<br><br>JURY TRIAL DEMANDED |

## PRELIMINARY STATEMENT

THIS IS A CIVIL ACTION FILED BY CARNELL HUNNICUTT, SR., A STATE PRISONER, FOR NOMINAL/PUNITIVE DAMAGES AND DECLARATORY JUDGEMENT UNDER 42 U.S.C. §1983 AND §1988. THE NAMED DEFENDANTS ARE BEING SUED IN THEIR INDIVIDUAL CAPACITIES FOR MONETARY DAMAGES AND IN THEIR OFFICIAL CAPACITIES FOR DECLARATORY JUDGEMENT — FOR THE VIOLATIONS OF THE PLAINTIFF'S U.S. CONSTITUTIONAL RIGHTS — STATE CONSTITUTIONAL RIGHTS AND THE VIOLATION OF THE CONNECTICUT GENERAL STATUTES. THE PLAINTIFF ALLEGES THAT THE NAMED DEFENDANTS ABOVE VIOLATED HIS CONSTITUTIONAL RIGHT TO PRIVACY WILLINGLY AND KNOWINGLY BY DISCUSSING HIS PERSONAL/PRIVATE MENTAL HEALTH ISSUES IN THE PRESENCE OF CORRECTIONAL STAFF AND INMATES. THIS VIOLATED THE PLAINTIFF'S CONSTITUTIONAL RIGHTS OF THE NINTH AMENDMENT TO THE U.S. CONSTITUTION, THE CONNECTICUT STATE CONSTITUTION — ARTICLE 1 SECTIONS 1, 7, 11, AND 20. ALSO THE CONN. GEN. STATUTES §52-146c AND §52-146d WITH DELIBERATE INDIFFERENCE.

## JURISDICTION

1) THIS COURT HAS JURISDICTION OVER THE PLAINTIFF'S CLAIMS OF FEDERAL VIOLATIONS OF CONSTITUTIONAL RIGHTS UNDER 28 U.S.C. §1331. THE PLAINTIFF SEEKS THAT THE COURT WOULD EXERCISE PENDENT JURISDICTION OVER HIS STATE LAW CLAIMS BASED ON A COMMON NUCLEUS OF OPERATIVE FACT CLOSELY RELATED TO THE CONDUCT OF THE DEFENDANTS.

## PARTIES

(1)

2) Plaintiff CARNELL HUNNICUTT, SR. WAS, AT ALL TIMES RELEVANT HERETO, A PRISONER IN THE CUSTODY OF THE CONNECTICUT DEPT. OF CORRECTION (CT. DOC.) AT THE TIME OF THE EVENTS RELATED HERETO (AT NORTHERN C.I.) THE PLAINTIFF IS NOW CURRENTLY INCARCERATED AT SANTA ROSA C.I. IN MILTON, FLORIDA.

3) DEFENDANT CHAPLAIN WAS AT ALL TIMES RELEVANT, THE MENTAL HEALTH SUPERVISOR / HEAD PSYCHIATRIST AT NORTHERN C.I. (287 BILTON ROAD - SOMERS, CT 06071) WHERE HE IS STILL EMPLOYED.

4) DEFENDANT LATIER WAS AT ALL TIMES RELEVANT HERETO, EMPLOYED AS A PSYCHIATRIC SOCIAL WORKER AT NORTHERN C.I. (287 BILTON RD - SOMERS, CT 06071) WHERE HE IS STILL EMPLOYED.

5) DEFENDANT WOOVEN WAS AT ALL TIMES RELEVANT HERETO, EMPLOYED AS A PSYCHIATRIC SOCIAL WORKER AT NORTHERN C.I. SHE IS NOW BELIEVED TO AT OSBORNE C.I. ~100 BILTON RD - SOMERS, CT 06071.

6) DEFENDANT POWER WAS AT ALL TIMES RELEVANT HEREIN, EMPLOYED AS A PSYCHIATRIC SOCIAL WORKER AT NORTHERN C.I. (287 BILTON RD - SOMERS, CT 06071) WHERE HE IS STILL EMPLOYED.

7) ALL DEFENDANTS HAVE ACTED, AND CONTINUE TO ACT, UNDER COLOR OF STATE LAW, AT ALL TIMES RELEVANT TO THIS COMPLAINT.

## FACTS

8) ON OR ABOUT JULY 2002, THE PLAINTIFF WAS ASSIGNED AND HOUSED IN 1 EAST UNIT - CELL 222 WITH INMATE RAMON LOPEZ.

9) WHILE IN THE CELL WITH RAMON, THE PLAINTIFF LISTENED TO DEFENDANT LATIER AND RAMON DISCUSSING HIS PERSONALITY ASSESSMENT INVENTORY IN WHICH LATIER INFORMED THE PLAINTIFF AND THE ENTIRE TIER OF INMATES OF RAMON'S

CLINICAL REPORT STATING "HE (RAMON) WAS A SHYSTER WHO USES HIS BOYISH GOOD LOOKS TO MANIPULATE PEOPLE" AND FURTHER STATED RAMON WAS A "SOCIOPATH."

10) THE PLAINTIFF BECAME INTERESTED IN TAKING THE PERSONALITY ASSESSMENT INVENTORY AND REQUESTED TO TAKE THE QUESTIONAIRE THROUGH DEFENDANT WOOVEN ON HER ROUNDS IN THE UNIT. DEFENDANT WOOVEN DISCUSSED THE PLAINTIFF'S MENTAL HEALTH HISTORY AT HIS CELL DOOR ON THE TIER IN FRONT OF HIS CELLMATE AND OTHER INMATES LISTENING IN. DESPITE THE PLAINTIFF'S REQUEST TO DISCUSS HIS ISSUES IN PRIVATE.

11) AS A RESULT OF HIS MENTAL HEALTH ISSUES BEING EXPOSED, THE PLAINTIFF WAS RIDICULED AND MADE THE BUTT OF JOKES BY BOTH INMATES/STAFF. (DOC STAFF LISTENED TO MENTAL HEALTH DISCUSSIONS BEING HELD ON THE TIER(S) ON THE INTERCOM SYSTEM LOCATED ON THE TIER(S) AND INSIDE CELLS.)

12) AROUND EARLY AUGUST 2002, DEFENDANT WOOVEN PROVIDED THE QUESTIONAIRE FOR THE PERSONALITY ASSESSMENT INVENTORY FOR THE PLAINTIFF. THE PLAINTIFF FINISHED THE QUESTIONAIRE IN AN HOUR AND RETURNED IT TO DEFENDANT WOOVEN TO BE EVALUATED.

13) DEFENDANT WOOVEN CONTINUED TO DISCUSS MENTAL HEALTH ISSUES CONCERNING THE PLAINTIFF AND RAMON LOPEZ AT THE CELL DOOR OF IEAST 222 - ON THE TIER WITH OTHER INMATES LISTENING. AFTER THE DISCUSSION, SAID DEFENDANT STATED I SHOULD RECEIVE THE RESULTS FROM THE PERSONALITY ASSESSMENT INVENTORY QUESTIONAIRE IN ABOUT A WEEK OR TWO.

14) THE PLAINTIFF ASKED DEFENDANT WOOVEN IF SHE WAS AWARE THAT DISCUSSING THE PLAINTIFF'S PERSONAL/PRIVATE MENTAL HEALTH ISSUES ON THE TIER VIOLATED THE CONNECTICUT GENERAL STATUTES REGARDING PSYCHIATRIST/PATIENT PRIVILEGED COMMUNICATIONS. DEFENDANT WOOVEN STATED THAT CUSTODY WOULDN'T ALLOW

her to bring inmates out of their cells to discuss matters in private because the inmates were abusing mental health services just to get out of their cells.

15) Sometime later, prior to the plaintiff's transfer out of state to Maryland, defendant Chaplain produced the results of the Personality Assessment Inventory to the plaintiff. Said defendant proceeded to read and discuss the results to the plaintiff at his cell door (1 East 222). The plaintiff told defendant Chaplain not to put his mental health issues on the tier due to it being privileged communication. Defendant Chaplain then slid the PAI results in the side door of cell 222-1 East to the plaintiff and walked off stating, "I can't bring you out of your cell".

16) Defendant Latier came around at a later date and informed the plaintiff that he read his Personality Assessment Inventory results. Said defendant stated he knew the plaintiff suffered from anti-social personality disorder and drew pictures of women to mask his homosexual tendencies. This took place in front of cell 222 1East on the tier with other inmates listening. Defendant Latier then exchanged words with Ramon Lopez ending with Latier calling Ramon, "a piece of shit."

17) On August 22, 2002, the plaintiff was transferred out of state.

IN GENERAL

18) In general all defendants named in this complaint ignored state/federal laws and rights pertaining to privacy in discussing mental health issues of the plaintiff and other inmates on the tiers of their housing units. A majority of these mental health screenings/discussions were done in the presence of inmates/staff due to custody felt that inmates were "faking" mental health problems just to get out of their cells. And the defendants were overwhelmed and felt it easier to deal with inmates at their cells without having to pull inmates out of their cells to talk to them.

19. <u>Causes of Action</u>

<u>First Cause of Action</u> - The deliberate indifference of discussing the plaintiff's mental health issues in front of other's violated the privacy rights of the plaintiff under the ninth article to the U.S. Constitution/9th Amendment.

<u>Second Cause of Action</u> - The deliberate disregard for psychiatrist/patient and/or psychologist/patient privileged communication violated the C.G.S. §§ 52-146c and 52-146d through discussing the plaintiff's mental health issues on the tier.

<u>Third Cause of Action</u> - The deliberate indifference towards the plaintiff's privacy rights concerning his mental health issues violated the Connecticut State Constitution - Article I Section(s) 1, 7, 11, and 20.

<u>Fourth Cause of Action</u> - The defendants acted with deliberate indifference and violated <u>their profession through routinely speaking to the plaintiff about</u> his mental health issues on the tier instead of a confidential setting.

20. <u>Claims for Relief</u>

The actions of defendants Chaplian, Latier, Wooven, and Powers to deprive the plaintiff a confidential review/discussion concerning his mental health issues violated the Ninth Amendment of the U.S. Constitution, C.G.S. §52-146c, §52-146d and the Connecticut State Constitution.

The actions of the defendants acted with deliberate indifference to the plaintiff's privacy rights violated the Ninth and Fourteenth Amendments to the U.S. Constitution, the C.G.S. §52-146c/§52-146d and the CT. State Constitution.

<u>Relief Requested</u>

Wherefore, plaintiff request that the court grant the following relief:

A. Issue a declaratory judgement stating that:

1) The defendants violated the plaintiff's Ninth and Fourteenth Amendment rights to the U.S. Constitution, the CT. State Constitution and C.G.S. §52-146c and §52-146d

B. Award nominal damages in the following amount:
$6,000 jointly and severally against defendants Chaplian, Latier, Wooven, and Power.

C) AWARD PUNITIVE DAMAGES IN THE FOLLOWING AMOUNT;
   $10,000 EACH AGAINST DEFENDANTS CHAPLAIN, LATIER, WOOVEN AND POWER.

D) AWARD ATTORNEY FEES / COURT FEES TO THE PLAINTIFF

E) GRANT SUCH OTHER RELIEF AS IT APPEAR THE PLAINTIFF IS ENTITLED.

RESPECTFULLY SUBMITTED,

4/10/06     [signature]
            CARNELL HUNNICUTT, SR. #127392
            SANTA ROSA CORRECTIONAL INST.
            5850 EAST MILTON ROAD
            MILTON, FLORIDA 32583

6

HUNNICUTT v. ARMSTRONG, ET AL  3:03CV627 (PCD)(JGM)

CERTIFICATION

I HEREBY CERTIFY A COPY OF THE FOREGOING WAS MAILED ON APRIL 10, 2006 TO:

A.A.G. ANN E. LYNCH - 110 SHERMAN ST, HARTFORD, CT 06105

4-10-06 [signature]

CARNELL HUNNICUTT, SR. #127392
SANTA ROSA C.I.
5850 E. MILTON ROAD
MILTON, FL 32583